IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS CINTRON,<br><br>             Plaintiff,<br><br>   vs.<br><br>DIRECTOR, CDCR; DR. A. DUENAS; DR. M. RESHID; DR. LUSTMAN; DR. BOWHAN; DR. WONG; CAPTAIN WILLIAMS; CORRECTIONAL OFFICER CANTU; DOES 1-5,<br><br>             Defendants.<br>                                                              / | No. C 11-0450 WHA (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND OF TRANSFER** |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. 1983. He has applied for leave to proceed in forma pauperis.

## ANALYSIS

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   LEGAL CLAIMS**

Plaintiff alleges that he was injured in an attack from other inmates in 1999 at Salinas Valley State Prison ("SVSP"), in Soledad, California. In 2003, plaintiff was transferred to Pleasant Valley State Prison ("PVSP"), in Coalinga, California. He alleges that following his attack, he received inadequate medical care first at SVSP and, after being transferred, at PVSP. He alleges that Dr. Lee, Dr. Bowhan, Dr. Wong and Dr. Lustman provided him with inadequate medical care at SVSP and at the nearby contracted medical clinic called the Natividad Medical Center. He alleges that Dr. Duenas, Dr. Reshid, Captain Williams and Correctional Officer Cantu were responsible for his inadequate medical care at PVSP and at the nearby contracted hospital, Mercy Hospital.

The claims against the defendants Lee, Bowhan, Wong, and Lustman, which are based on their conduct prior to 2003, when plaintiff was transferred from SVSP to PVSP, are time-barred. Section 1983 does not contain its own limitations period, but the appropriate period is

2

that of the forum state's statute of limitations for personal injury torts, which, in California is the two-year period set forth at California Civil Procedure Code § 335.1. *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). Plaintiff's claims accrued prior to 2003, which is when he alleges that he received the medical care, or lack thereof, from the defendants at SVSP and Natividad Medical Center. *See Zolotarev v. San Francisco*, 535 F.3d 1044, 1049 (9th Cir. 2008) (under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action). Plaintiff knew of the medical treatment these defendants were choosing to give him and not to give him, when it occurred. That plaintiff might not have learned of the legal significance of the medical treatment the defendants were providing and not providing until later does not delay the accrual of the cause of action arising out of those decisions. *See ibid.* And although the limitation period may have been tolled due to plaintiff's imprisonment, such tolling is available only for a maximum of two years. *See* Cal. Civ. Proc. Code § 352.1(a). Thus, plaintiff had a maximum of four years in which to bring his claim under Section 1983, i.e., the regular two-year period under California Civil Procedure Code Section 335.1 plus two years of tolling due to his imprisonment. As it is clear from the allegations in the complaint that plaintiff waited over eight years after 2003 before filing the complaint herein, the claims against defendants Lustman, Wong, Lee and Bowhan must be dismissed as untimely.

     Plaintiff's remaining claims are based on the medical care he received at PVSP and at Mercy Hospital. PVSP is in Fresno County, and Mercy Hospital is in Bakersfield, and as such they both lie within the venue of the United States District Court for the Eastern District of California. Venue is preferable in the Eastern District because that is where the acts complained of against the remaining defendants are alleged to have occurred, and also where the remaining defendants are located. *See* 28 U.S.C. 1391, 1404. Accordingly, in the interests of justice, this case will be transferred for resolution of the remaining claims to the United States District Court for the Eastern District of California. *See* 28 U.S.C. 1404(a).

**CONCLUSION**

     For the reasons set out above, the claims against defendants Lustman, Wong, Lee and

3

1  Bowhan are **DISMISSED**.  This case is **TRANSFERRED** to the United States District Court for the
2  Eastern District of California for adjudication of the remaining claims herein, against
3  defendants Duenas, Reshid, Williams and Cantu.  *See* 28 U.S.C. 1404(a).  Ruling on plaintiff's
4  IFP application will be deferred to the Eastern District.

5        The clerk shall transfer this matter forthwith and terminate docket number 2 from the
6  docket in this court.

7        **IT IS SO ORDERED.**

8  Dated: March    22   , 2011.

                                      WILLIAM ALSUP
                                      UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.11\CINTRON0450.TRN.wpd

**United States District Court**
For the Northern District of California

4